UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY RAY BOWLES,            )
                               )
    Petitioner,              )
                               )
v.                             )    Case No. 3:05-0236
                               )    Judge Trauger
RICKY J. BELL, WARDEN,         )
                               )
    Respondent.              )

## MEMORANDUM

### I. INTRODUCTION

The petitioner, proceeding *pro se*, is an inmate in the Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee. He brings this action seeking federal *habeas corpus* relief under 28 U.S.C. § 2254, naming Ricky J. Bell, Warden at RMSI, as the respondent.

### II. BACKGROUND

On June 18, 1997, a jury convicted the petitioner in the Davidson County Criminal Court of especially aggravated rape, attempted rape, two counts of aggravated burglary, and robbery. (Docket Entry No. 1, ¶ 4, p. 1; No. 7, Add. 1, Part 1, pp. 30-35)[1] The trial court imposed an effective sentence of forty-five years on the petitioner. (Docket Entry No. 1, ¶ 3, p. 1)

The petitioner appealed his convictions to the Tennessee Court of Criminal Appeals (CCA) (Docket entry No. 7, Add. 2, Doc. 1), which reversed the robbery conviction for failure to instruct the jury on the lesser-included offense of theft, but affirmed the petitioner's convictions on the other charges (Docket Entry No.7 Add. 2, Doc. 3, pp. 8-9). Both the State and the petitioner appealed the CCA's decision to the Tennessee Supreme Court (TSC). (Docket Entry No.7 Add. 2, Docs. 4-10)

---

[1] The respondent has failed to comply with Rule 8(a), Local Rules of Court which requires that, "All exhibits to pleadings shall be paginated progressively beginning with the principal document, and continuing through the last page of the document, including exhibits." Specifically, the respondent has failed to number consecutively the pages in the record of State court proceedings. The pages to which the Court refers in Docket Entry No. 7, Add. 1, Part 1 are found among the last six (6) pages in the addendum.

The TSC affirmed the decision of the CCA on July 31, 2001. (Docket Entry No. 7, Add. 2, Doc. 11)

The petitioner filed a petition for post-conviction relief on February 14, 2002. (Docket Entry No.7 Add. 3, Part 1, pp. 1-7) On June 4, 2003, following an evidentiary hearing, the post-conviction court denied the petitioner's request for relief. (Docket Entry No.7 Add. 3, Part 1, p. 37) The petitioner appealed the judgment of the post-conviction court. (Docket Entry No.7 Add. 3, Part 1, p. 38; Add. 4, Doc. 1, p. iii) The CCA affirmed the judgment of the post-conviction court (Docket Entry No.7 Add. 4, Doc. 3, p. 4), following which the TSC denied the petitioner's application for permission to appeal (Docket Entry No.7 Add. 4, Doc. 4).

The petitioner brought the present *habeas corpus* action on March 18, 2005,[2] setting forth the following two claims: 1) ineffective assistance of counsel at trial; 2) denial of his Sixth Amendment right to a jury trial under *Blakely v. Washington*, 542 U.S. 296 (2004). The respondent filed an Answer on June 6, 2005. (Docket Entry No. 6) Thereafter, on June 14, 2005, the petitioner filed a motion for appointment of counsel (Docket Entry No. 8), and a motion to stay the instant proceedings, holding them in abeyance to permit him to raise his Sixth Amendment claim in State court (Docket Entry No. 9).

### III. ANALYSIS

#### A. Petitioner's Request for *Habeas Corpus* Relief

Title 28 U.S.C. § 2254(d) provides the following with respect to granting a writ of *habeas corpus* to prisoners who are in custody pursuant to a state court judgment:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

---

[2] The envelope in which the petitioner mailed his petition to the district court is postmarked March 18, 2005. Under Rule 3(d), Rules – 2254 Cases, this constitutes the date that the petitioner is deemed to have filed his petition.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "unreasonable application" of clearly established federal law differs from an "incorrect application." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). Under the former, " a federal habeas corpus court may grant relief if the state court identifies the governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. The latter clause is satisfied when a state court "arrives at a conclusion opposite that reached by this Court on a question of law or . . . decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 364-65. Further, where State courts have made factual determinations regarding issues presented for federal *habeas corpus* review, such determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Miller-el v. Cockrell*, 537 U.S. 322, 324 (2003). Under the Anti-Terrorism and Effective Death Penalty Act, the purpose of federal *habeas corpus* review is to "ensure that state court convictions are given effect to the extent possible under the law," not to conduct a federal re-trial of the petitioner's case. *Bell v. Cone*, 535 U.S. 685, 693 (2002).

1. Petitioner's Ineffective Assistance Claims

To prevail on a claim of ineffective assistance of counsel, the petitioner must show deficient performance and prejudice. *See Bell*, 535 U.S. at 694-95. Trial counsel's performance is deficient when it falls below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S.

3

668, 686-87 (1984); *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). In determining whether an attorney performed in an objectively unreasonable manner, courts employ "highly deferential" scrutiny. *Id.* at 689. To satisfy the prejudice requirement, an ineffective assistance claimant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)(quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992)(*en banc*), *cert. denied*, 508 U.S. 975 (1993)).

The petitioner alleges that defense counsel provided ineffective assistance at trial because he failed to investigate and adequately prepare for trial, and because he failed to zealously represent him because of an actual conflict. The record shows that the petitioner raised these two ineffective assistance claims, including all related factual predicates, in State court prior to raising them on federal *habeas corpus* review.

The record shows that the CCA identified *Strickland* as the proper standard for reviewing claims of ineffective assistance of counsel. (Docket Entry No. 7, Add. 4, Doc. 3, p. 2) The record also shows that the CCA reviewed the petitioner's ineffective assistance claims *de novo*, with no presumption of correctness. ((Docket Entry No. 7, Add. 4, Doc. 4, p. 2) In its resulting findings of fact and conclusions of law, the CCA determined that the petitioner had failed to show that he received ineffective assistance of counsel, either because the defense counsel's representation was not deficient, and/or because the petitioner had not shown that he was prejudiced, *i.e.*, that the outcome of the trial would have been different.

In this action, although the petitioner alleges numerous specific instances of defense

4

counsel's alleged deficient performance, the petitioner offers no argument, citation to relevant authority, or any other facts to support his claim that defense counsel's representation was deficient. The petitioner also asserts that he was prejudiced by defense counsel's representation. (Docket Entry No. 1, ¶ II, p. 6) However, the petitioner once again provides no argument, citation to relevant authority, or any other facts to support his claim that he was prejudiced, *i.e.*, that but for defense counsel's alleged deficient performance, the results of the trial would have been different.

The Sixth Circuit Court of Appeals has held that conclusory allegations, *i.e.*, those without supporting factual allegations or evidentiary support, do not provide a basis for *habeas corpus* relief. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)(citing *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3rd Cir.1991)(bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in federal *habeas corpus* proceedings). The petitioner's claims of ineffective assistance of counsel are conclusory; therefore, they will not support his demand for federal *habeas corpus* relief.

As explained above, the petitioner has failed to establish that the CCA's determination on this issue was contrary to, or an unreasonable application of, Federal law. Because the petitioner has failed to rebut the presumption of correctness on this issue by clear and convincing evidence, the petitioner's ineffective assistance claims are without merit.

2. The Petitioner's Sixth Amendment Claim

As previously noted, *supra* at p. 2, the petitioner's Sixth Amendment claim is grounded in the Supreme Court's June 24, 2004 decision in *Blakely*. The respondent argues that this claim was not raised in any State court prior to being raised on federal *habeas corpus* review, and because the petitioner is now barred under Tenn. Code Ann. § 40-30-102 from doing so, this claim is procedurally barred from federal *habeas corpus* review. (Docket Entry No. 7, pp. 8-9) The respondent also argues that *Blakely* is not retroactively applicable to cases that were on collateral

5

review at the time *Blakely* was decided. (Docket Entry No. 7, p. 9) The respondent's second argument is determinative as to this issue.

At the time *Blakely* was decided, the petitioner's appeal from the judgment of the post-conviction court was pending in the CCA. In other words, direct review of the petitioner's case had concluded, and his case was pending on collateral review. The Sixth Circuit has held that *Blakely* does not apply retroactively to cases pending on collateral review at the time *Blakely* was decided. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Moreover, every circuit to address this issue has reached the same conclusion. *See Simpson v. United States*, 376 F.3d 679, 681 (7th Cir. 2004); *Carmona v. United States*, 390 F.3d 200, 202 (2nd Cir. 2004); *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004); *Cuevas v. Derosa*, 386 F.3d 367, 367-68 (5th Cir. 2004); *Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004); *In re: Dean*, 375 F.3d 1287, 1290-91 (11th Cir. 2004); *Lenford Never Misses a Shot v. United States*, ___ F.3d ___ , No. 05-1232, 2005 WestLaw 156403 (8th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005).

Because the petitioner's case was on collateral review at the time *Blakely* was decided, the petitioner's Sixth Amendment claim is without merit.[3]

### B. Petitioner's Motion for Stay and Abeyance

As previously noted, the petitioner seeks to stay these proceedings, holding them in abeyance while he seeks to reopen his State post-conviction proceedings to exhaust his *Blakely* claim. Even disregarding the TSC's decision in *State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005), in which the TSC determined that permitting Gomez to reopen his post-conviction proceedings under *Blakely* would be "futile," *Id*. at 651, because *Blakely* was not retroactively applicable to cases on collateral review,

---

[3] Although it is clear from the record that the petitioner did not exhaust this claim in State court, the law is well established that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see Williams v. Bagley*, 380, 932, 973 (6th Cir. 2004); *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001).

6

*Id*. at 651 n. 16, for reasons explained, *supra* at p. 6, the petitioner's *Blakely* claim still would be without merit when he returned to this court, his efforts in State court concluded. In other words, it would be futile to grant the petitioner's motion. Accordingly, the petitioner's motion will be denied.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge